UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSHA BOSTICK,

       Plaintiff,

v.                                  Case No. 8:22-cv-790-MAP

COMMISSIONER OF SOCIAL SECURITY

       Defendant.

_____/

## ORDER

      This is an action for judicial review of an administrative denial of claims for a period disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI).[1]  Plaintiff has a lengthy history with the Social Security system. Many years ago, she received disability benefits, but the Commissioner eventually terminated those benefits.  She unsuccessfully reapplied and then unsuccessfully sought judicial review in this district.  *See Bostick v. Kijakazi*, Case No. 8:20-cv-314-CPT, Doc. 1 (M.D. Fla. filed on Feb. 10, 2020) (*Bostick I*).  During the pendency of her judicial action, she filed another application for benefits, and that is the subject of this review (Tr. 291-306).  Notably, the two matters cover the same factual record; in fact, her first applications allege a disability beginning January 1, 2018, and ours sets the disability onset date as the next day. Importantly, she does not say in this new action that her

---

[1]  The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

condition worsened since the first administrative denial. Instead, what she seems to argue is that this Court should remand the matter because a second administrative law judge should have developed the record more about her mental abilities, but that is the same type of claim she unsuccessfully argued in her first judicial go-around. And, her arguments again fail for the same host of reasons.

I.    *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

And to regularize the adjudicative process, the Social Security Administration promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether

2

the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. § 416.920(a)(4)(i)-(iv).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's

failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## II.    Background

Plaintiff, who was born in 1985, alleges a disability onset date of January 2, 2018, due to bipolar disorder, a learning disability, mania, and schizophrenia (Tr. 49, 292, 294, 305-06, 332).  She has a ninth-grade education, but no past relevant work experience (Tr. 68, 322, 333, 383).  The ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022, and had not engaged in substantial gainful activity since January 2, 2018, the alleged onset date and suffered from a number of severe impairments: depression, borderline intellectual functioning, and bipolar with schizophrenic traits (Tr. 13).  Nonetheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13), and she retained a residual functional capacity (RFC) to perform a full range of work at all exertional levels (Tr. 15). However, the ALJ assessed Plaintiff's nonexertional limitations: could perform simple, routine tasks and make simple work-related decisions; could tolerate frequent interaction with supervisors but only

occasional interaction with coworkers and the public; could not perform customer-service work; and was able to tolerate routine workplace changes (Tr. 15). The ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16).

Given Plaintiff's background and RFC, a vocational expert (VE) testified that Plaintiff could perform jobs existing in significant numbers in the national economy, such as a hand packager, a warehouse worker, and a laundry worker (Tr. 20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 287-88). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

III.   *Discussion*

Plaintiff's stated issue is that the ALJ erred by failing to properly develop the record to determine if Plaintiff met the criteria for Listing 12.05 (intellectual disability), but the details of her arguments vary off that theme to include a claim that the ALJ should have ordered a consultative examination to test her IQ.[2]   What the ALJ

---

[2] The Listing of Impairments describes, for each of the major body systems, impairments considered severe enough to prevent an individual from doing any gainful activity. 20

specifically failed to do, however, is not all that noteworthy because the purported omission relates to old information, and particularly information that *Bostick I* covered. For example, she references a previous award of SSI benefits for a claim filed prior to November 2004 as well as a mental consultative examination prepared by Thomas Trimmer, Ph.D. – wherein Dr. Trimmer indicates that Plaintiff attained an IQ score of 68 on the Wechsler Adult Intelligence Scale-Third Edition – that she contends does not appear in the file before the ALJ.[3]  According to Plaintiff, the ALJ should have incorporated into the record the medical evidence that supported her prior claim and considered that evidence along with the more recent medical records and mental status evaluations performed during the relevant period.

　　　All these arguments are easily disposed of by the affirmative defense of *res judicata* or claim preclusion, which serves to bar a subsequent action if: "(1) the prior

---

C.F.R. §§ 404.1525(a), 416.925(a).  The Listings were designed to operate as a presumption of disability that makes further inquiry unnecessary and thus require an impairment preventing an adult from performing *any* gainful activity rather than just substantial gainful activity.  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  Indeed, conditions found in the Listings are "irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform her past relevant work or any other jobs."  *Richardson v. Apfel*, 44 F. Supp. 2d 1264, 1265 (M.D. Fla. 1998) (citations omitted); *see Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[3]  Plaintiff also attaches a September 2014 Mental RFC Assessment questionnaire submitted by George Grubbs, Psy.D. (Doc. 19-1), but she makes no mention of the assessment from Dr. Grubbs in her brief (Doc. 19).  Any argument pertaining to the assessment from Dr. Grubbs is therefore waived.  *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (finding that a plaintiff's perfunctory argument was arguably abandoned); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (noting that when a party fails to address a claim, the court deems such claim abandoned); *Outlaw v. Barnhart*, 197 Fed. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim).  Regardless, Plaintiff's counsel submitted both the assessment from Dr. Grubbs and the report from Dr. Trimmer to the ALJ, which the ALJ incorporated into the record (Tr. 507-14).

decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks and citations omitted). But "*res judicata* is an affirmative defense which must be pled, and may be waived, by the defendant." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.,* 371 F.3d 1285, 1289 (11th Cir. 2004). The Commissioner did not plead the defense, although a fair reading of the Commissioner's arguments is that *Bostick I* is dispositive of Plaintiff's claims here. Irrespective of the applicability of the doctrine, Plaintiff's arguments are no better than those the magistrate judge rejected in *Bostick I.*

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269 (11th Cir. 2007); 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice,"

remand is warranted.  *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (internal quotation marks and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

Before determining whether a claimant is or is not disabled, the Social Security Administration will develop the claimant's complete medical history for at least the 12 months preceding the month in which the claimant files an application unless there is a reason to believe that development of an earlier period is necessary or unless the claimant indicates that his or her disability began less than 12 months before he or she filed an application.  20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1); *see Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 878 (11th Cir. 2012) (per curiam) (finding that the ALJ has a basic obligation to develop a full and fair record for the 12 months prior to the claimant's filing of the application for disability benefits) (citation omitted).  An ALJ is "in no way bound to develop the medical record" for the period beyond the 12 months prior to the application for benefits, however.  *See Ellison*, 355 F.3d at 1276.

Despite this regulatory scheme, Plaintiff argues that the ALJ should have obtained Dr. Trimmer's December 2006 consultative examination report and medical evidence from prior to November 2004 relating to a previous award of benefits and

considered such evidence in conjunction with her current application for benefits.  And she stands on this position even though these records were considered (or the like were considered) during the reviews terminating her benefits and later rejecting her reapplications for reinstatement.   Indeed, Plaintiff advanced nearly identical arguments in her prior appeal, which the magistrate judge considered, addressed, and rejected.  *See Bostick I*, Doc. 22.   Moreover, the December 2006 report from Dr. Trimmer, which she claims is missing, appears not once but twice in the record before the ALJ (Tr. 509-10, 748-49).   In fact, the ALJ explicitly addressed Dr. Trimmer's 2006 report in the decision, noting that "[a] consultative examination prior to the relevant period showed an IQ of 68" (Tr. 13, 16) and acknowledged that Plaintiff "had previous claims regarding her mental health" (Tr. 16, 76-94, 515-19).   Plaintiff's argument that the record contains an evidentiary gap as to Dr. Trimmer's December 2006 report is without merit.

Further, the ALJ discussed Plaintiff's mental impairments at length (Tr. 13-19). While the ALJ only considered whether Plaintiff met the criteria for Listings 12.02 and 12.03 without addressing Listing 12.05, I can infer an implied finding that Plaintiff did not meet the criteria for Listing 12.05.  *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) (finding that there may be an implied finding that a claimant does not meet the criteria for the listing, and, in the absence of an explicit determination, a court may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing).   More importantly, as the Commissioner asserts, the Plaintiff does not show she is prejudiced

here.  Plaintiff has the burden of proving an impairment meets or equals a listed impairment.  *See Barron v. Sullivan,* 924 F.2d 227, 229 (11th Cir. 1991). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson,* 284 F.3d at 1224; *see also Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008).[4]

As the Commissioner contends, the ALJ considered whether Plaintiff's mental impairments met the "paragraph B" criteria, which is identical for Listings 12.02, 12.03, and 12.05 (Tr. 13-15). *Compare* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02, 12.03, 12.05.  Mainly, to satisfy the "paragraph B" criteria, and thus meet one of the referenced Listings, a claimant must show an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist or maintain pace; and (4) adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02, 12.03, 12.05.  Here, the ALJ found that Plaintiff experienced only moderate limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace (Tr. 13-14).  Significantly,

---

[4] Plaintiff does not indicate whether she believes her mental impairments meet the criteria for Listing 12.05A or 12.05B.  Under Listing 12.05A, Plaintiff would need to show that she had significantly subaverage general intellectual functioning evidence in her cognitive inability to function at a level required to participate in standardized testing of intellectual functioning.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05A.  By relying on an IQ score and arguing that the ALJ should have ordered another IQ test, it appears that Plaintiff seeks to proceed as to the criteria for Listing 12.05B, which can be met with a full scale (or comparable) IQ score of 70 or below.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B.

the ALJ concluded that Plaintiff experienced no limitations in adapting or managing herself (Tr. 14-15).

In support, the ALJ relied upon Plaintiff's lack of effort to stay compliant with her medications, improvement of her symptoms with medication compliance, and surveillance from the Cooperative Disability Investigations Unit, which revealed footage of Plaintiff in April and May 2018 conducting transactions through self-checkout lines at stores, interacting with a store employee, not requiring assistance to select or purchase items, being dressed appropriately, and repeatedly driving herself to the store and to appointments (Tr. 14-15, 754-60). The ALJ also noted that Plaintiff maintained the ability to advocate for herself with medical professionals and research symptoms on Google (Tr. 14-15, 698, 715). Additionally, the ALJ pointed to multiple mental status evaluations performed during the relevant period by Lawrence Pasman, Ph.D., where Plaintiff demonstrated some deficits but where Dr. Pasman also noted that Plaintiff's effort on tasks appeared "dubious," some of her behaviors appeared "exaggerated," her "cooperation with the evaluation process was tenuous," there appeared "to be a degree of symptom embellishment," and malingering needed to be ruled out (Tr. 16-19, 522-27, 762-66, 768-72). As the ALJ found, the evidence, taken as a whole, showed that outside of a clinical setting, Plaintiff could care for herself, and Plaintiff showed no limitation in the domain of adapting or managing herself. Substantial evidence supports the ALJ's finding, and thus any claim that Plaintiff could meet the paragraph B criteria for Listing 12.05, even with additional IQ testing, necessarily fails.

*IV.    Conclusion*

For the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.  Accordingly, after consideration, it is hereby

ORDERED:

1.      The decision of the Commissioner is AFFIRMED.

2.      The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 13th day of July, 2023.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


cc:    Counsel of Record